FILED
United States Court of Appeals
Tenth Circuit

December 15, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

PROGRESSIVE NORTHWESTERN
INSURANCE COMPANY,

　　　　　Plaintiff - Counter -
　　　　　Defendant - Appellee,

v.

WEED WARRIOR SERVICES;
BRENDA ETCHEVERRY,

　　　　　Defendants - Counter -
　　　　　Plaintiffs - Appellants.

No. 09-2000
(D. Ct. No. 1:05-CV-00817-JCH/ACT)
(D. N. Mex.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **HARTZ**, and **O'BRIEN**, Circuit Judges.

---

　　　This appeal primarily concerns whether an insured's affirmative selection of

uninsured/underinsured motorist ("UM/UIM") coverage in an amount less than the

liability limits of the insured's commercial automobile policy constitutes a "rejection" of

UM/UIM coverage under New Mexico law. Here, if such an affirmative selection of

UM/UIM coverage constitutes a legal rejection, defendant-appellant Brenda Etcheverry's

policy must be reformed to provide UM/UIM coverage up to the policy's liability limits,

---

　　　[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

because plaintiff-appellee Progressive Northwest Insurance Company ("Progressive") did not comply with New Mexico's statutory and regulatory requirements for obtaining a valid rejection of UM/UIM coverage. *See Jordan v. Allstate Ins. Co.*, No. 32,063 (N.M. Oct. 18, 2010) (holding that when an insurer fails to obtain a valid rejection of UM/UIM coverage, "the policy will be reformed to provide UM/UIM coverage equal to the liability limits"). The district court granted Progressive summary judgment on the grounds that Mrs. Etcheverry's selection of $100,000 of UM/UIM coverage under a commercial automobile policy that provided general liability coverage of $1,000,000 did not constitute a "rejection" of UM/UIM coverage. Because Mrs. Etcheverry's appeal turns on an important and previously unsettled question of New Mexico law, we certified that question to the New Mexico Supreme Court. Having received the New Mexico Supreme Court's answer, we take jurisdiction under 28 U.S.C. § 1291 and REVERSE.

## I. BACKGROUND

On September 26, 2000, Mrs. Etcheverry was injured in an automobile accident. She settled with the other driver involved for $100,000, which was the liability limit of the other driver's insurance policy. She then sought additional recovery from Progressive under a UM/UIM provision in a commercial automobile policy that had been purchased for her husband's company, Weed Warrior Services.[1]

---

[1] Before the district court, Progressive argued that Mrs. Etcheverry was not a covered driver under the policy because the vehicle she was driving at the time she was injured was not a covered vehicle. The district court, however, held Progressive to its prior admissions that Mrs. Etcheverry was a covered driver. Progressive did not appeal this ruling. Therefore, we assume that Mrs. Etcheverry was a covered driver under the

The policy with Progressive contained general liability coverage of $1,000,000 and UM/UIM coverage of $100,000. Mr. Etcheverry affirmatively selected this UM/UIM coverage level from several options on his insurance application ranging from $25,000 up to $1,000,000. Additionally, the following statement appears just above Mr. Etcheverry's signature on the application: "I understand several options of Uninsured/Underinsured Motorists Coverage are available and they have been explained to me. The option selected on this application is the option I desire." Progressive, however, did not obtain a separate signed statement from Mr. Etcheverry indicating that he had been offered and that he had rejected UM/UIM coverage equal to the policy's liability limits.

Upon receiving Mrs. Etcheverry's insurance claim, Progressive filed a diversity action in federal district court seeking a declaratory judgment that it is not liable to Mrs. Etcheverry under the policy. The district court ultimately entered judgment in favor of Progressive, ruling that: (1) the policy provided UM/UIM coverage of $100,000; and (2) any amount owed to Mrs. Etcheverry under the UM/UIM provision was offset by her recovery from the other driver involved in the accident.

Arguing that her counsel had failed to notify her of Progressive's declaratory action and had improperly conceded that the policy only provided for $100,000 of UM/UIM coverage, Mrs. Etcheverry moved to amend the judgment so she could contest the amount of UM/UIM coverage. The district court granted the motion. Thereafter, Mrs. Etcheverry filed a motion for summary judgment in which she sought to reform the

Progressive policy for purposes of this appeal.

- 3 -

Progressive policy to include UM/UIM coverage equal to the policy's $1,000,000 liability limit because, according to Mrs. Etcheverry, the selection of UM/UIM coverage in an amount less than liability limit constituted a rejection of UM/UIM coverage that did not conform with New Mexico's statutory and regulatory requirements for rejecting such coverage.[2]

In ruling on the motion, the district court recognized that "the only way for Mrs. Etcheverry to prevail is for the Court to find that the affirmative selection of a UM/UIM coverage limit in any amount less than the full liability limits constitutes a 'rejection' of UM/UIM coverage that must be made in writing." Ultimately, however, the district court concluded that "the New Mexico Supreme Court would [not] find that the affirmative selection of a level of UM/UIM coverage in an amount less than full liability coverage constitutes a 'rejection' of coverage such that an insurer must obtain a written waiver of coverage and include it in the policy." Accordingly, the district court denied Mrs. Etcheverry's motion for summary judgment, concluded that the policy contained $100,000 in UM/UIM coverage, and dismissed the case after noting the court's prior and unopposed ruling that Progressive was entitled to offset its liability against the amount Mrs. Etcheverry had already recovered from the tortfeasor.

On appeal, we certified the following question to the New Mexico Supreme Court: "[d]oes the election to take UM/UIM coverage for less than the general policy liability

---

[2]Mrs. Etcheverry did not contest the district court's ruling on the issue of offset, seeking a declaration that she "has up to $900,000 available to her in underinsured motorist coverage under the Progressive policy."

limits constitute a rejection under the New Mexico uninsured motorist statute, N.M. Stat. § 66-5-301(A)?" *Progressive Nw. Ins. Co. v. Weed Warrior*, 2010 WL 565427, *1 (10th Cir. Feb. 11, 2010). The New Mexico Supreme Court accepted our certified question, and has now answered it.

## II. DISCUSSION

When interpreting state statutes and regulations, we are bound by the interpretations and decisions of the state's highest court. *TMJ Implants, Inc. v. Aetna, Inc.*, 498 F.3d 1175, 1181 (10th Cir. 2007). Under New Mexico law, every automobile liability insurance policy must contain UM/UIM coverage at minimum limits prescribed by statute or "such higher limits as may be desired by the insured, but up to the limits of liability specified in bodily injury and property damage liability provisions of the insured's policy." *See* N.M. Stat. Ann. § 66-5-301(A), (B). The insured, however, retains the right to reject such coverage. *See id.* § 66-5-301(C) ("The named insured shall have the right to reject uninsured motorist coverage as described in Subsections A and B of this section.").

Under the authority delegated to it by the New Mexico legislature, the superintendent of insurance promulgated N.M. Admin. Code § 13.12.3.9, which dictates the manner in which an insured must reject UM coverage for the rejection to be effective. That regulation provides that "[t]he rejection of the provisions covering damage caused by an uninsured or unknown motor vehicle as required in writing . . . must be endorsed, attached, stamped or otherwise made a part of the policy of bodily injury and property

damage insurance." N.M. Admin. Code § 13.12.3.9.

As discussed above, the primary question in this case is whether Mr. Etcheverry's affirmative selection of $100,000 in UM/UIM coverage, when the policy provided for $1,000,000 in general liability coverage, constituted a rejection of UM/UIM coverage that was required to be in writing and incorporated into their policy under N.M. Admin. Code § 13.12.3.9. The New Mexico Supreme Court has now clearly answered this question in the affirmative.

Indeed, in response to our certified question the New Mexico Supreme Court held "that Section 66-5-301 requires an insurer to offer UM/UIM coverage in an amount equal to the liability limits of the policy and that the choice of the insured to purchase any lower amount functions as a rejection of that maximum amount of coverage statutorily possible." *Progressive Nw. Ins. Co. v. Weed Warrior Svcs.*, No. 32,220, slip op. at 6–7 (N.M. Oct. 18, 2010). Furthermore, in a different case decided by the New Mexico Supreme Court on the same day, the court applied its holding in *Weed Warrior* to state that:

> If an insurer does not (1) offer the insured UM/UIM coverage equal to his or her liability limits, (2) inform the insured about premium costs corresponding to the available levels of coverage, (3) obtain a written rejection of UM/UIM coverage equal to the liability limits, and (4) incorporate that rejection into the policy in a way that affords the insured a fair opportunity to reconsider the decision to reject, the policy will be reformed to provide UM/UIM coverage equal to the liability limits.

*Jordan v. Allstate Ins. Co.*, No. 32,063, slip op. at 9 (N.M. Oct. 18, 2010). The New Mexico Supreme Court gave retroactive effect to that decision. *Id.* at 11.

In this case, it is undisputed that: (1) Mr. Etcheverry affirmatively selected $100,000 in UM/UIM coverage under the Progressive policy; (2) the policy contained a liability limit of $1,000,000; and (3) Progressive never obtained a written rejection of UM/UIM coverage equal to the liability limits of the policy.  Accordingly, Progressive did not obtain a valid rejection of UM/UIM coverage, and the policy must be reformed to include $1,000,000 in UM/UIM coverage.

### III.  CONCLUSION

For the foregoing reasons, we REVERSE the district court's order denying Mrs. Etcheverry summary judgment.  We REMAND to the district court with instructions to grant the motion.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge